# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AMELIA S. CANDA,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DC-0752-16-0060-I-1

DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven Newman</u>, Esquire, New York, New York, for the appellant.

<u>LaDonna L. Griffith-Lesesne</u>, Esquire, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal based on a charge of improper conduct.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a supervisor at one of the agency's processing and distribution centers. Initial Appeal File (IAF), Tab 5 at 18, 25. In September 2014, the agency's Office of Inspector General (OIG) began an investigation of an allegation that the appellant and another supervisor were inflating, falsifying, and manipulating numbers and data using employee login information. IAF, Tab 9 at 9. The OIG produced a report of investigation (ROI) as a result of that investigation. IAF, Tabs 9-10. The agency proposed the appellant's removal based upon one charge of improper conduct, which contained five specifications (specifications A-E). IAF, Tab 5 at 25-30. The deciding official sustained the charge and removed the appellant.[2] *Id.* at 20-23.

The appellant thereafter filed this appeal with the Board, but she did not raise any affirmative defenses. IAF, Tabs 1, 41. The administrative judge held the requested hearing. IAF, Tabs 49-50, 52-54, Hearing Compact Disc; Hearing

---

[2] The decision letter does not clearly indicate whether the deciding official sustained specification C, involving allegations that the appellant threatened an employee with disciplinary action unless he changed his password to the common password. IAF, Tab 5 at 20-23, 26. At the hearing, however, the deciding official testified that she did not sustain "charge C," apparently referring to this specification. IAF, Tab 52, Hearing Compact Disc 3 (testimony of the deciding official).

Transcript (HT). During the hearing, the agency presented excerpts from the agency's 24-hour video surveillance footage to support specifications A, B, and D. These specifications alleged that the appellant instructed her subordinates to change the color-code tags on mail, gave her subordinates a common password so that the mail processing machine would record mail as being processed, and handed to a subordinate a list of employee login information to enable the subordinate to inflate the mail count, respectively.[3] IAF, Tab 5 at 25-26. During the hearing, the appellant's attorney challenged the admissibility of the excerpted video surveillance footage after it was revealed that the OIG investigator who conducted the surveillance downloaded and excerpted only those portions of the footage that were relevant to the investigation. HT-1 at 67-68 (testimony of the OIG investigator); HT-2 at 93-102 (same). The administrative judge admitted the excerpted video surveillance footage into the record, based on the OIG investigator's testimony regarding its accuracy. HT-2 at 102-03. The administrative judge issued an initial decision in which he made several credibility determinations in the agency's favor, sustained all of the specifications except for specification C, sustained the improper conduct charge, and affirmed the removal penalty. IAF, Tab 55, Initial Decision (ID) at 1-35.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 5, 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant argues on review that the administrative judge erred by admitting into evidence excerpted portions of the agency's 24-hour video surveillance footage. PFR File, Tab 1 at 4, 22-23, Tab 8 at 4-5. She also asserts that her due process rights were violated because the agency was provided with

---

[3] In specification E, the agency alleged that for each day of the week beginning on April 13, 2015, the appellant's work hours were erroneously recorded and inflated in the time and attendance system. IAF, Tab 5 at 26.

the unexcerpted video surveillance footage and such footage "might have led" to exculpatory evidence and other witnesses. PFR File, Tab 1 at 8, Tab 8 at 5.

We discern no error with the administrative judge's decision to admit the excerpted video surveillance footage. *See* 5 C.F.R. § 1201.41(b)(3) (stating that administrative judges have the authority to receive relevant evidence). The OIG investigator testified that she downloaded portions of the agency's 24-hour video surveillance footage that she was watching live as the footage was being captured and recorded. HT-1 at 58, 60-61, 66 (testimony of the OIG investigator). The OIG investigator further testified that she downloaded only the portions that were relevant to the ROI, and she did not alter, change, or manipulate any video surveillance footage. *Id.* at 68 (testimony of the OIG investigator). We find that the OIG investigator's testimony adequately authenticated the excerpted video surveillance footage. Thus, the administrative judge properly exercised his discretion by admitting this evidence into the record. *See Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378-79 (Fed Cir. 1988) (citing *Spezzaferro v. Federal Aviation Administration*, 807 F.2d 169, 173 (Fed. Cir. 1986)).

We also are not persuaded that a due process violation has occurred. Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). Ultimately, the Board's inquiry is whether the ex parte communication "is so substantial and so likely to cause prejudice that no employee can fairly be

required to be subjected to a deprivation of property under such circumstances."[4] *Id.* at 1377.

In support of her contention that the agency violated her due process rights, the appellant asserts that the OIG investigator testified that she "offered the videos" to her managers, but not to her. PFR File, Tab 8 at 6 (citing HT-2 at 97 (testimony of the OIG investigator)). It is not clear whether the proposing or deciding officials were given or reviewed the unexcerpted portions of the video surveillance footage. The appellant had the opportunity to clarify whether the OIG investigator actually provided additional, unexcerpted video surveillance footage to the agency, but she failed to do so. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (holding that the appellant is responsible for the errors of her chosen representative). Moreover, the appellant points to no evidence on review that the proposing or deciding officials considered any unexcerpted video surveillance footage. Because the appellant had the burden of proving her affirmative defense by preponderant evidence, we conclude that she submitted insufficient evidence to establish her due process claim. 5 C.F.R. § 1201.56(b)(2)(i)(C); *see Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶¶ 10-11 (2013) (instructing an administrative judge to apprise an appellant of his burden regarding his affirmative defense of a due process violation).

The initial decision reflects that the administrative judge considered the relevant evidence and made factual findings and credibility determinations to support his decision to sustain specifications A, B, D, and E, and to sustain the improper conduct charge. ID at 1-31. Although not explicitly raised by either party on review, we discern no error with his findings in this regard. *See*

---

[4] The U.S. Court of Appeals for the Federal Circuit's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-49 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of his property interest without providing him with due process of law, including the right to advance notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond.

*Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). We further find that the administrative judge applied the proper legal standard for evaluating the penalty, and we discern no error with his conclusion that the removal penalty is within the bounds of reasonableness for the sustained misconduct. ID at 31-35.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.